**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN F. MOORE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE COUNTY OF SALEM, et al.,<br><br>Defendants. | Civil Action No. 24-10981 (MAS) (JTQ)<br><br>**OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendants' motion (ECF No. 11) to dismiss Plaintiff[1] Walter Williams's amended complaint (ECF No. 3) in this prisoner civil rights matter. Plaintiff filed opposition to the motion (ECF No. 13), to which Defendants replied (ECF No. 15). For the following reasons, Defendants' motion is denied.

**I.   BACKGROUND**

In his amended complaint, Plaintiff seeks to raise claims against the County of Salem and the Warden of the Salem County Correctional Facility, John Cuzzupe, for events that occurred while Plaintiff was detained in the Salem County Correctional Facility as a pre-trial detainee. (*See* ECF No. 3 at 1-15.) Essentially, Plaintiff contends that the County, through the Warden and its medical contractor, adopted a suicide prevention policy. Under the policy, inmates are "arbitrarily" designated as at risk, and are thereafter strip searched, placed in cells subject to

---

[1] This matter was initially filed on behalf of two Plaintiffs: Plaintiff Walter Williams (hereafter "Plaintiff") and former co-Plaintiff John F. Moore. Mr. Moore, however, settled his claims and is no longer a party to this matter. (*See* ECF No. 14.)

constant surveillance, and allowed to dress only in "suicide vests" without undergarments. The "suicide vests" are "ill-fitting" and "expose the detainees['] private parts" while in the presence of other detainees, officers, and nurses of both sexes. In addition, designated detainees are subjected to further strip searches "routinely" and "at least twice per day" even if the detainees did not have an intervening opportunity to acquire contraband. (*Id.*)

While providing a good deal of detail as to the conditions and policies of the jail, Plaintiff's amended complaint is very scant on details about Plaintiff himself or any time he may have spent in the jail. The amended complaint states only that Plaintiff is a citizen of New Jersey, has an unspecified "pre-existing traumatic condition" likely to be triggered by placement in the jail's suicide prevention unit, was at some point a prisoner of the jail for a non-indictable offense, was placed in the at-risk unit, and for some unspecified period of time was exposed to the allegedly unlawful policies. (*Id.* at 1-19.) The amended complaint is devoid of any more specific information as to when any of this occurred, but does mention that Plaintiff "opted out" of a state court class action covering the application of these policies between 2015 and 2020. (*Id.* at 2.) It is not clear whether the events in question happened during this time period. (*Id.*) Plaintiff seeks to raise a Fourth Amendment claim based on repeated strip searches without justification, a Fourteenth Amendment claim alleging that the suicide watch conditions amount to punishment without a justifying conviction, and two claims alleging the surveillance and strip searches violate state law. (*Id.* at 15-23.)

## II.   LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal

2

conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. **DISCUSSION**

In their motion to dismiss, Defendants first argue that Plaintiff's amended complaint is insufficiently pled because it does not provide specific information about Plaintiff's opt out from the state court class action. Defendants also argue that the amended complaint does not provide a specific time frame or the specifics of what offense gave rise to his incarceration – a point relevant to Plaintiff's state law claims. Rule 8, however, does not require such specificity for pleading a non-fraud claim. *See, e.g., Benhur v. Madavaram*, No. 15-6826, 2015 WL 6739109, at *4 (D.N.J. Nov. 2, 2015). Plaintiff's amended complaint, while sparse with details, has provided allegations

3


as to the nature of Plaintiff's claims and the Defendants he asserts are responsible. The allegations in the amended complaint are not "so vague or ambiguous" that Defendants "cannot reasonably prepare a response." Here, Plaintiff's amended complaint is not so deficient as to violate federal pleading requirements.[2] *Id.*

Defendants next argue that Plaintiff's strip search claims fail to state a claim upon which relief may be granted because strip searches upon admission to a county jail are permissible under the Fourth Amendment in light of the Supreme Court's ruling in *Florence v. Board of Chosen Freeholders of County of Burlington*, 566 U.S. 318 (2012). Plaintiff's amended complaint, however, does not take issue with an initial strip search upon admission to the Salem County Jail. Instead, Plaintiff alleges that the subjection to multiple and repeated strip searches, without an intervening opportunity to obtain contraband or weapons in light of constant surveillance, violates his rights. Such a claim does state a plausible basis for relief under the Fourth Amendment. *See Parkell v. Danberg*, 833 F.3d 313, 327-30 (3d Cir. 2016) (frequent and intrusive body searches of previously strip-searched inmates held in isolation subsequent to a previous strip search sufficient

---

[2] The Court is sympathetic to Defendants' concern that Plaintiff's amended complaint, which appears to essentially be a carbon copy of earlier complaints filed by the same attorney on behalf of other inmates, is perhaps intentionally vague. It is entirely possible that Plaintiff's claims may, in fact, be untimely if they arose during the timeline of the state court class action. It is also possible that the remaining Plaintiff may well *not* have been detained for a non-indictable offense (as Defendants suggest records they have not provided demonstrate) and that at least some of Plaintiff's claims may therefore not be raised in good faith. Those matters, however, are not clear from the face of Plaintiff's amended complaint, and thus are beyond the scope of the current motion. Should discovery conclusively establish that Plaintiff's claims are either not based on a good faith factual basis or are otherwise untimely, Defendants may resort to an appropriate motion under Rule 56 or Rule 11.

to state a claim for a violation of the Fourth Amendment notwithstanding *Florence*). Plaintiff has thus pled a plausible strip search claim against Defendants.³

Defendants next allege that the amended complaint is improperly pled because it incorporates quotes from opinions in previous cases, references to depositions taken in these other cases, and asserts a number of conclusions. Even without considering the various alleged admissions or the conclusions Plaintiff draws from those alleged admissions—which this Court purposefully does not rely upon in deciding Defendants' motion—Plaintiff's amended complaint still states a plausible claim for relief. Because Plaintiff's allegations suffice to present a plausible claim even in the absence of the contested incorporations, Plaintiff's amended complaint does not fail merely because Plaintiff has inserted these various references. The incorporation of statements made in prior litigation—which Defendants are free to correct or clarify⁴ to the extent the facts permit in discovery in this matter—does not render Plaintiff's amended complaint subject to dismissal.

In their final argument, Defendants contend that Plaintiff's Fourth and Fourteenth Amendment claims should be dismissed because the constant surveillance of a jail inmate does

---

³ Defendants also suggest that Plaintiff fails to state a *Monell* claim against the County in their reply, although that argument is not clearly made in their motion. Under *Monell*, a municipal defendant may only be held liable for constitutional violations arising out of policies, practices, or customs put into place by the municipality, usually through an authority figure or municipal body. *See e.g.*, *City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003); *see also L.A. Cnty. v. Humphries*, 562 U.S. 29, 35-36 (2010). Although the amended complaint is inartful in doing so, it does allege facts which give rise to the inference that the County and Warden were both responsible for the adoption of the suicide prevention policy at issue in this matter. Giving Plaintiff the benefit of reasonable inferences, that is sufficient to permit one to infer that the County formally adopted the policy in question and thus sufficient to plead a *Monell* claim.

⁴ The Court recognizes that the spin Plaintiff's amended complaint puts on Defendants' alleged "admissions" may well not be supported by the source material, but that is irrelevant to whether Plaintiff otherwise states a claim for relief.

not violate the constitution. While Defendants may have a point to the extent they allege that mere jail surveillance alone is insufficient to state a claim for relief under the Fourth or Fourteenth Amendment, none of Plaintiff's claims stand *solely* on the question of constant surveillance. Instead, Plaintiff's claims assert that: (1) the actual violation arises from serial strip searches without an intervening opportunity to acquire contraband; (2) Plaintiff was repeatedly strip searched in violation of state law rules, which include the requirements that strip searches not be conducted on non-indictable detainees absent reasonable suspicion, and be conducted out of sight of others; and (3) the conditions under the suicide watch policy in sum total, which include constant surveillance but also include the denial of sufficient clothing to cover Plaintiff's genitals and numerous repeated strip-searches, amount to improper punishment in the absence of a conviction. Thus, Defendants' arguments as to constant surveillance are misplaced. The surveillance is alleged to support other claims, not as a stand-alone violation. That surveillance itself may not amount to a violation in the absence of the additionally-pled facts thus does not provide a basis for the dismissal of Plaintiff's claims. Defendants' motion is therefore denied.

## IV. CONCLUSION

For the reasons expressed above, Defendants' motion to dismiss (ECF No. 11) is **DENIED**. An order consistent with this Opinion will be entered.

<div style="text-align: right;">
s/ Michael A. Shipp<br>
MICHAEL A. SHIPP<br>
UNITED STATES DISTRICT JUDGE
</div>

Dated: 9/19/25